

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed September 25, 2012**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JERRY EARL MORAN AND | § | CASE NO. 08-60201-RLJ-13 |
| JANET LYNN MORAN, | § | |
| | § | |
| DEBTORS. | § | |

### MEMORANDUM OPINION AND ORDER

The Court considers the debtors' *Modification of Modified Chapter 13 Plan after Confirmation* [Doc. No. 53] (the "Modification"), which provides that the debtors will, in effect, "prepay" their sixty-month chapter 13 plan from a portion of an inheritance of $25,700 received by debtor Janet Moran. The trustee, Walter O'Cheskey, opposes the Modification, contending that it fails to comply with § 1329(b) of the Bankruptcy Code because all, or at least a greater portion, of the debtors' "future earnings and income" has not been submitted in support of the Modification. The debtors submit that the Modification is proper, asserting they are allowed to prepay their plan and thus reduce the plan period—the "applicable commitment period"—from sixty months to thirty-five months. They use a significant portion of the inheritance to accomplish

this. The debtors' argument centers on the question of whether the applicable commitment period is a temporal requirement—that the debtors' plan must go sixty months—or a multiplier—the number (here, 60) by which the plan payments are multiplied to determine the total amount of payments to be made under a plan. At the heart of the debtors' argument is the more basic issue of whether the disposable income requirement of § 1325(b) is applicable to a modification. Section 1325(b) requires that if the plan is objected to, the debtors must dedicate to the plan all their disposable income received during the applicable commitment period.

The Court, by letter dated August 31, 2012, requested that the debtors and the trustee specifically address the question of whether the Modification satisfies § 1325(a)(4) of the Bankruptcy Code, the liquidation test (sometimes referred to as the "best interests of creditors test"). This request was made because if the Modification does not comply with § 1325(a)(4), which is explicitly applicable upon modification of a plan, the Court may not need to address the applicability of § 1325(b), which is *not* explicitly made applicable.

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law in accordance with the Federal Rules of Bankruptcy Procedure 7052 and 9014.

## **Background Facts**

The following facts are undisputed. The debtors, Jerry and Janet Moran, filed for chapter 13 bankruptcy on December 31, 2008. The Morans had an above-median income and therefore were required to pay their disposable income for sixty months, the "applicable commitment period" as required in 11 U.S.C. § 1325(b)(4)(A)(ii). Their plan was confirmed May 8, 2009; it

required that the Morans make four monthly payments of $150 and fifty-six monthly payments of $650. This results in a plan base of $37,000. If completed, the plan base provides a 51.11% dividend to the allowed unsecured claims. At the time the *Stipulation of Facts Regarding Debtor's Proposed Modification of Plan* [Doc. No. 69] was filed, the Morans were current and had paid $22,537.50 towards their plan. Through the plan, the Morans make direct payments on their mortgage, two cars, and a furniture loan.

After filing the chapter 13 petition, Janet Moran's aunt died, which eventually resulted in Mrs. Moran receiving an inheritance of $25,700 from her aunt's estate. Of the inheritance, $2,097.47 is exempt under the "wild card" exemptions, leaving $23,602.53. At the time of confirmation, the liquidation test of 11 U.S.C. § 1325(a)(4) was satisfied because the bankruptcy estate had no non-exempt property that could be liquidated. As a result, the amount that would be paid to unsecured creditors under the plan was not less than the amount that would be paid if the estate was liquidated.

The Modification slightly increases the plan base to $37,444.00, reduces the plan term from sixty months to thirty-five, and makes a lump sum payment to complete the plan. *See* Modification at 2. The Modification does not increase the dividend paid to unsecured creditors. The plan provides for unsecured creditors to receive a total of $18,910.70.

## Discussion

*Standard for Post-Confirmation Modification of Plan*

Chapter 13 of the Bankruptcy Code provides for plan modifications post-confirmation in certain circumstances.

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to-
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments;
> . . .
> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
> (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

11 U.S.C. § 1329.

While some courts require that an unanticipated, substantial change must occur before plan modification is permitted, the Fifth Circuit has adopted the opposing view that § 1329's plain language does not provide for any threshold requirement to modify a bankruptcy. *In re Meza*, 467 F.3d 874, 877–78 (5th Cir. 2006). Accordingly, the Morans are not required to show that a substantial change has occurred and are permitted to seek a modification to their plan as provided for in § 1329.

*The Effective Date of the Modified Plan*

Having determined that the Morans may seek a modification of their plan, the Court must then consider whether the Modification satisfies the requirements of §§ 1322(a), 1322(b), 1323(c), and 1325(a), as required by § 1329. The Court finds no issue with §§ 1322(a), 1322(b), and 1323(c). As indicated above, the issue here is whether the Modification satisfies the liquidation test of § 1325(a)(4), which provides as follows:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C. § 1325(a)(4).

To properly evaluate the liquidation test, the Court must determine the proper "effective date of the plan" as it pertains to a modification.

The Morans rely on *In re Gibson*, 415 B.R. 735 (Bankr. D. Ariz. 2009), in support of their position that the effective date of the plan as it relates to the liquidation test applies only once and is the same date under the originally confirmed plan or under the modified plan. *Supplemental Memorandum of Law Regarding "Best Interests of Creditors Test"—1325(a)(4)* at 2 [Doc. No. 75]. The Trustee states he was "unable to find any authority that a post confirmation modification results in a new 'effective date' for a liquidation test." *Trustee's Response to Debtors' Memorandum of Law in Support of Modification of Chapter 13 Plan* at 1 [Doc. No. 74].

While courts have split on this issue, the majority of courts have concluded that the "effective date of a plan modification is the date of the modification rather than the effective date of the initial confirmed plan." *In re Auernheimer*, 437 B.R. 405, 408 (Bankr. D. Kan. 2010). *Contra In re Gibson*, 415 B.R. 735; *Forbes v. Forbes*, 215 B.R. 183, 189–90 (8th Cir. BAP 1997). *Gibson* states that most courts have performed a hypothetical liquidation as of the petition date; this, however, is misleading. *Gibson*, 415 B.R. at 738. The *Gibson* court cites to a leading chapter 13 bankruptcy treatise by Judge Keith M. Lundin to support this statement, but a careful reading reveals that the section cited (§ 160.1) is not addressing the effective date to be used in conducting a liquidation analysis to evaluate a *modification*. *Id*.; Keith M. Lundin, *Chapter 13 Bankruptcy*, § 160.1 at p. 160-1 (3rd ed. 2000 & Supp. 2004). Reading the correct section of the treatise, it recognizes that "a majority of reported decisions fix the effective date for

best-interests-of-the-creditors purposes for modification as the effective date of the plan as modified." Keith M. Lundin, *Chapter 13 Bankruptcy*, § 254.1 at p. 254-6.

In *In re Barbosa*, considered the leading case for the majority position, the court said the liquidation test should be applied as of the effective date of the plan as modified. *In re Barbosa*, 236 B.R. 540, 552 (Bankr. D. Mass. 1999), *aff'd on other grounds*, 243 B.R. 562 (D. Mass.), *aff'd* 235 F.3d 31 (1st Cir. 2000). In reaching this conclusion, the court said:

> [t]he better interpretation is that the "effective date of the plan" is the effective date of the plan as modified. This interpretation gives effect to § 1329(b)(2) and recognizes that the passage of time between confirmation of the original plan and confirmation of the modified plan does change the facts and circumstances of a Chapter 13 case. Those changes may benefit the debtor or benefit the creditors, but the tests for confirmation in §§ 1322 and 1325 that are applied at confirmation of a modified plan under § 1329(b)(1) should be applied to the facts as they appear at the time of confirmation of the modified plan.

*Id*. (quoting Keith M. Lundin, *Chapter 13 Bankruptcy*, § 6.44 at p. 6-133 (2nd ed. 1994 & Supp. 1996)). Courts following the majority trend have also relied on the legislative history to § 1329(b), which states:

> In applying the standards of proposed 11 U.S.C. 1325(a)(4) to the confirmation of a modified plan, "the plan" as used in the section will be the plan as modified under this section, by virtue of the incorporation by reference into this section of proposed 11 U.S.C. 1323(b). Thus, the application of the liquidation value test must be redetermined at the time of the confirmation of the modified plan.

H.R. Rep. No. 595, 95th Conf., 1st Sess. 431 (1977), U.S. Code Cong. & Admin. News, pp. 5787, 6386, 6387; *see also In re Morgan*, 299 B.R. 118, 124–25 (Bankr. D. Md. 2003), *In re Barbosa*, 236 B.R. at 553 n.22; *In re Walker*, 153 B.R. 565, 568 (Bankr. D. Or. 1993), *In re Nott*, 269 B.R. 250, 255 (Bankr. M.D. Fla. 2000).

In a case strikingly similar to the one presently before the Court, a debtor received an inheritance during her chapter 13 case and wished to accelerate her payments and conclude her case, while the trustee argued that the inheritance could be captured for the benefit of the creditors at confirmation of a modified plan. *In re Nott*, 269 B.R. at 252. The court, relying primarily on the reasoning of *In re Barbosa* and *In re Walker*, held that when considering a post-confirmation modification, the court should apply § 1325(a)(4) as of the effective date of the modified plan. *Id*. at 255.

While not without fault, the majority approach appears to most closely adhere to the plain language of §§ 1329 and 1325(a). When determining whether a proposed modification should be approved, the Court will evaluate if the liquidation test is satisfied as of the effective date of the modified plan.

*Property of the Estate*

Having determined that the Modification should satisfy the liquidation test as of the effective date of the Modification, the Court must then consider whether the inheritance would be considered property of the estate in order to evaluate what unsecured creditors would receive if the estate were liquidated. The Court has previously addressed what is considered property of the estate in *In re Powers*, 435 B.R. 385, 389, Case No. 02-10322, (Bankr. N.D. Tex. 2010). In that case, the Court considered whether a cause of action and resulting settlement were property of the estate. *Id*. at 386. The Court held that it was inclined to "endorse the view that estate property that exists at the time of confirmation vests in the debtor per section 1327(b), but property acquired by the debtor after confirmation becomes estate property[.]" *Id*. The Court went on to state that if the property could potentially enhance the dividend to the creditors, the debtor,

trustee, or creditor could move to modify the debtor's plan to increase the payments. *Id*. If the property is property of the estate, it should be considered in evaluating the amount that unsecured creditors would be paid in a hypothetical chapter 7 case to determine if the liquidation test is satisfied. *In re Nott*, 269 B.R. at 258.

Applying the *Powers* case to the issue at hand, the Morans received the inheritance after confirmation of the plan. The inheritance did not exist at the time of confirmation and, therefore, is considered property of the estate, which can potentially be used to increase the amount paid to creditors. Therefore, when conducting the liquidation test, an additional $23,602.53 should be factored into what the creditors would receive in a hypothetical liquidation.

## Disposition

In response to the Court's request that the parties address whether the Modification satisfies § 1325(a)(4), the liquidation test, both the trustee and the debtors took the position that the Court need only revisit the liquidation test as determined at the time of confirmation. As such, they did not address whether, *at the time of the Modification*, the liquidation test is satisfied. Given that the debtors do not propose to use all of the non-exempt portion of Janet Moran's inheritance in support of the Modification, the Court assumes they fail to satisfy § 1325(a)(4) of the Bankruptcy Code. Such provision is clearly applicable upon modification. Since the parties have not addressed whether the Modification does indeed satisfy the liquidation test in light of the Court's determination, the Court will direct the evidence be reopened to allow them to do so. If the Modification does not satisfy the § 1325(a) provisions applicable to a modification, it is not necessary to consider the question of whether the applicable commitment period is a temporal requirement or a multiplier.

It is, therefore,

ORDERED that the evidence is reopened to allow the debtors and the trustee to submit evidence that addresses the liquidation test; it is further

ORDERED that the debtors and the trustee may submit evidence in the form of a joint stipulation or, if they cannot agree, affidavits that support their respective positions; it is further

ORDERED that the additional evidence submitted by the parties shall be filed with the Court within ten days of entry of this order.

### End of Memorandum Opinion and Order ###